106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clyde E. WILLIAMS, Jr., Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 96-1344.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 06, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clyde E. Williams, Jr. was convicted by a jury of criminal confinement in violation of Indiana Code § 35-42-3-3, criminal recklessness in violation of Indiana Code § 35-42-2-2, and dealing in cocaine in violation of Indiana Code § 35-48-4-1(b)(1). Williams received concurrent sentences of 13, 3, and 40 years respectively. After the Indiana Court of Appeals affirmed his conviction and the Indiana Supreme Court denied a petition for transfer, Williams filed a pro se petition for post-conviction relief in the state trial court. More than three years later Williams agreed to dismiss his petition for post-conviction relief with prejudice in exchange for an amendment of his conviction for dealing in cocaine from a class A to a class B felony and a substantial reduction in his sentence. The district court dismissed as moot Williams's pending petition for a writ of habeas corpus (93-CV-336). Williams then filed another petition for a writ of habeas corpus on one of the same issues raised in his first petition (95-CV-253), which the district court dismissed on several grounds. We affirm.
 
 
 2
 Williams sold cocaine to Ferron Hunter and another individual who had both escaped recently from jail and robbed a bank. After Williams had made several sales, Hunter requested that Williams drive him to retrieve some money so that he could purchase more cocaine. While driving, Williams sold Hunter some cocaine on credit. When Hunter was unable to find any money, Williams became enraged and produced a loaded gun. While Williams pointed the weapon his accomplice bound Hunter. Williams then informed Hunter that he was making a citizen's arrest. Williams and his accomplice left Hunter tied up in his car while they went to a convenience store and a restaurant. While in the convenience store an employee overheard Williams mention that he had a bank robber in his car. When the employee asked Williams if it was true, he pointed his gun at her face and stated, "Do I look like I'm kidding?" Williams eventually drove to his home and searched Hunter and the car for money. Hunter was then left unattended in the car where he eventually freed himself.
 
 
 3
 While Williams's petition for state post-conviction relief was still pending he filed a petition for a writ of habeas corpus raising exhausted and unexhausted claims (93-CV-336). The district court dismissed his petition without prejudice for failure to exhaust. (District Court Order of Sept. 16, 1994, R. 19 at 132, 136). However, when the state court hearing on his post-conviction petition was again rescheduled the district court granted Williams's motion to reopen his petition for a writ of habeas corpus to inquire whether the delay in the state court was unjustifiable and inordinate. (District Court Order of Oct. 19, 1994, R. 19 at 146).
 
 
 4
 On June 30, 1995, Williams agreed to dismiss his petition for state post-conviction relief with prejudice in exchange for the amendment of the judgment of conviction for cocaine dealing from a class A to a class B felony, along with a reduction in his sentence from 40 to 17 years. Eleven days after Williams agreed to dismiss his state petition for post-conviction relief, he wrote a letter to the district court requesting that his petition for a writ of habeas corpus be dismissed without prejudice. (R. 19 at 159). The district court then dismissed his petition as moot in light of Williams's settlement with the state. (District Court Order of July 19, 1995, R. 19 at 160).
 
 
 5
 Fifteen days after Williams's first petition for a writ of habeas corpus was dismissed, he filed a second petition which solely raised the issue of whether the evidence at trial was sufficient for the jury to convict him of dealing in cocaine as a class A felony. Williams alleges that the state failed to prove beyond a reasonable doubt that he sold cocaine weighing three or more grams in any one single transaction. This issue was one of several claims raised in Williams's first petition for a writ of habeas corpus. The district court denied Williams's petition stating that it was a successive petition and an abuse of the writ, raised a moot issue, there was sufficient evidence for the conviction, and that Williams had procedurally defaulted. Williams appeals to this court.
 
 
 6
 We agree with the district court that Williams's petition is moot and therefore do not reach any of the other issues raised by Williams or mentioned by the district court. Williams is no longer incarcerated under a class A felony for dealing in cocaine because he entered into an "agreement" with the state where his class A felony was reduced to a class B felony. A federal court lacks the ability to review moot cases because Article III of the Constitution requires the existence of a case or controversy. D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145 n. 2 (7th Cir.1991), cert. denied, 502 U.S. 1104 (1992) (citing Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3 (1964)). Additionally, "[f]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." Id. (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam)). As a result of the amendment of his conviction to a class B felony, there is no legal basis to warrant review of Williams's challenge to the sufficiency of the evidence for his conviction of a class A felony.
 
 
 7
 Therefore, we affirm the district court's dismissal of Williams's petition as moot.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)